IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02151-RMR-SPB

NICHOL TOWNSEND, and
THE ESTATE OF MILTON TOWNSEND, by and through its personal representative
Nichol Townsend,

    Plaintiffs,

v.

CORECIVIC, INC. a/k/a CORECIVIC OF TENNESSEE, LLC, d/b/a CROWLEY
COUNTY CORRECTIONAL FACILITY,
OFFICER RILEY
UNIT MANAGER HANSEN,
CASE MANAGER ORTIZ,
OFFICER PALAMINO,
WARDEN BARRY GOODRICH,
JOHN OR JANE DOE OFFICER, and
JOHN OR JANE DOE OFFICER,

    Defendants.

---

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND AND DEFENDANTS' DEMAND FOR JURY TRIAL**

---

Defendants CoreCivic, Inc., Officer Riley, Unit Manager Hansen, Case Manager Ortiz, Officer Palaminio, and Warden Barry Goodrich (collectively "Defendants"), through their counsel, Andrew D. Ringel, Esq., and Shannon M. Hurley, Esq., of Hall & Evans, L.L.C., hereby respectfully submit their Answer to Plaintiffs' Complaint and Jury Demand and Defendants' Demand for Jury Trial as follows:

## INTRODUCTION

1.      Defendants admit Plaintiffs attempt a variety of claims against Defendants. Defendants deny Plaintiffs state any cognizable claim against Defendants. Defendants deny the remaining allegations in paragraph 1 of Plaintiff's Complaint and Jury Demand ("Complaint").

## JURISDICTION

2-3.    Defendants admit this Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Defendants deny the remaining allegations in paragraphs 2-3 of the Complaint.

## VENUE

4.      Defendants admit venue is proper before this Court pursuant to 28 U.S.C. § 1391. Defendants admit the events alleged in the Complaint occurred in the State of Colorado. Defendants deny the remaining allegations in paragraph 4 of the Complaint.

## PARTIES

5.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore deny the same.

6.      Defendants admit, in so far as alleged in paragraph 6 of Plaintiff's Complaint, CoreCivic, Inc. is a Tennessee corporation with its principal place of business at 5501 Virginia Way, Brentwood, Tennessee 37027. Defendants admit CoreCivic owns and operates Crowley County Correctional Facility ("CCCF") located at 6564 State Highway 96, Olney Springs, Colorado 81062. Defendants admit CoreCivic operates

CCCF pursuant to a contract with the Colorado Department of Corrections ("CDOC"). Defendants deny the remaining allegations in paragraph 6 of the Complaint.

7.      Defendants admit Patrick Riley was employed by CoreCivic and worked as a Correctional Counselor at CCCF during the time period Milton Townsend was incarcerated at CCCF. Defendants admit Correctional Counselor Riley generally acts under color of state law and within the scope of his employment as a Correctional Counselor. Defendants deny the remaining allegations in paragraph 7 of the Complaint.

8.      Defendants admit Naomi Henson was employed by CoreCivic and worked as a Unit Manager at CCCF during the time period Mr. Townsend was incarcerated at CCCF. Defendants admit Unit Manager Henson generally acts under color of state law and within the scope of her employment as a Unit Manager. Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9.      Defendants admit Joel Ortiz was employed by CoreCivic and worked as a Case Manager at CCCF during the time period Mr. Townsend was incarcerated at CCCF. Defendants admit Case Manager Ortiz generally acts under color of state law and within the scope of his employment as a Correctional Counselor. Defendants deny the remaining allegations in paragraph 9 of the Complaint.

10.     Defendants admit Joy Palomino was employed by CoreCivic and worked as a Records Supervisor at CCCF during the time period Mr. Townsend was incarcerated at CCCF. Defendants admit Records Supervisor Palomino generally acts under color of state law and within the scope of her employment as a Records Supervisor. Defendants deny the remaining allegations in paragraph 10 of the Complaint.

11. Defendants admit Barry Goodrich was employed by CoreCivic and worked as the Warden at CCCF during the time period Mr. Townsend was incarcerated at CCCF. Defendants admit Warden Goodrich generally acts under color of state law and within the scope of his employment as a Warden. Defendants deny the remaining allegations in paragraph 11 of the Complaint.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore deny the same.

13. Paragraph 13 of the Complaint contains a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 13 of the Complaint.

## **FACTUAL ALLEGATIONS**

14. Defendants admit Mr. Townsend was an inmate within the custody of the CDOC. Defendants admit Mr. Townsend was incarcerated at CCCF between April and August 2024. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14 of Plaintiffs' Complaint and therefore deny same.

15. Defendants admit CCCF is designated as a medium security correctional facility pursuant to Colorado law. Defendants state the remaining allegations in paragraph 15 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 15 of the Complaint.

4

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants admit Mr. Townsend shared a cell with Patrick Gomez during his incarceration at CCCF. Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19. Defendants contend Offender Patrick Gomez's criminal conviction records in their entirety speak for themselves and deny any inconsistencies contained in paragraph 19 of the Complaint with such records. Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore deny the same.

22. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore deny the same.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiff's the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore deny same.

34. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore deny same.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore deny same.

38. Defendants admit an inmate at CCCF notified corrections staff at CCCF of an issue regarding Mr. Townsend on August 3, 2023. Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39. Defendants admit a medical response was called to Mr. Townsend's cell at approximately 7:00 a.m. on August 3, 2023.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants admit Mr. Townsend was transported to the medical unit at CCCF on August 3, 2023.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants admit emergency medical services were contacted on August 3, 2023. Defendants deny the remaining allegations contained in paragraph 44 of the Complaint.

45. Defendants admit Mr. Townsend was having difficulty breathing and lifesaving measures were employed on August 3, 2024. Defendants deny the remaining allegations contained in paragraph 44 of the Complaint.

46. Defendants admit emergency medical services personnel arrived at CCCF and were involved in the treatment of Mr. Townsend on August 3, 2024. Defendants deny the remaining contained in allegations in paragraph 46 of the Complaint.

47. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and therefore deny the same.

48. Defendants contend Mr. Townsend's medical records in their entirety speak for themselves and deny any inconsistencies contained in paragraph 48 of the Complaint with such records. Defendants deny the remaining allegations in paragraph 48 of the Complaint.

49. Defendants contained Mr. Townsend's emergency medical services records in their entirety speak for themselves and deny any inconsistencies contained in paragraph 49 of the Complaint with such records. Defendants deny the remaining allegations in paragraph 49 of the Complaint.

8

50. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and therefore deny the same.

51. Defendants admit lifesaving measures for Mr. Townsend were discontinued and he was pronounced dead on August 3, 2024. Defendants deny the remaining allegations in paragraph 51 of the Complaint.

52. Defendants admit the Office of the Inspector General of the CDOC investigates suspicious deaths at correctional facilities. Defendants deny the remaining allegations contained in paragraph 52 of the Complaint.

53-54. Defendants state any records from the Office of the Inspector General of the CDOC related to Mr. Townsend's death are in the possession, custody and control of the CDOC and not any of the Defendants and the Defendants are not responsible for any decision related to the release of any such records. Defendants deny the remaining allegations in paragraphs 53-54 of the Complaint.

55-56. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 55-56 of the Complaint and therefore deny the same.

57. Defendants admit upon information and belief the coroner has determined Mr. Townsend's death was the result of a homicide because it was caused, at least in part, by the actions of another human being. Defendants deny the remaining allegations in paragraph 56 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants contend the referenced United States Department of Justice Office of the Inspector General 2016 audit speaks for itself and deny any inconsistencies contained in paragraph 59 of the Complaint with such record. Defendants affirmatively state the audit is irrelevant and immaterial to Plaintiffs' claims against Defendants. Defendants contend the lawsuit referenced in paragraph 59 of the Complaint in its entirety speaks for itself and deny any inconsistencies contained in paragraph 59 of the Complaint inconsistent with the complete litigation record of the lawsuit. Defendants affirmatively state the lawsuit is irrelevant an immaterial to Plaintiffs' claims against Defendants. Defendants deny the remaining allegations in paragraph 59 of the Complaint.

60. Defendants contend the referenced analysis by the No Exceptions Prison Collective and the Human Rights Defense Center speaks for itself and deny any inconsistencies contained in paragraph 60 of the Complaint with such record. Defendants affirmatively state the analysis is irrelevant and immaterial to Plaintiffs' claims against Defendants. Defendants deny the remaining allegations in paragraph 60 of the Complaint.

61. Defendants contend the proceedings in *Tardy v. CoreCivic of Tenn., LLC*, 3:22- cv-00681, (M.D. Tenn. Sep. 26, 2023), in their entirety, speak for themselves and deny any inconsistencies contained in paragraph 61 of the Complaint with such record. Defendants affirmatively state the proceedings in the referenced litigation are irrelevant

and immaterial to Plaintiffs' claims against Defendants.  Defendants deny the remaining allegations in paragraph 61 of the Complaint.

62. Defendants contend the proceedings in *Newby v. CoreCivic of Tennessee, LLC et al., 3:22-CV-00093*, in their entirety, speak for itself and deny any inconsistencies contained in paragraph 62 of Plaintiffs' Complaint with such record.  Defendants deny the remaining allegations in paragraph 62 of Plaintiff's Complaint.

63. Defendants contend the proceedings in *Braddy v. Sells,* Kan. Dist. 29 (Wyandotte Cty.), Case No.2023-cv-000418., in their entirety, speak for themselves and deny any inconsistencies contained in paragraph 63 of the Complaint with such record. Defendants affirmatively state the proceedings in the referenced litigation are irrelevant and immaterial to Plaintiffs' claims against Defendants.  Defendants deny the remaining allegations in paragraph 63 of the Complaint.

64. Defendants contend the proceedings in *Tillery et al. v. CoreCivic, Inc. et al., 3:23-cv-00203, (M.D. Tenn. Jan. 31, 2024)*, in their entirety, speak for themselves and deny any inconsistencies contained in paragraph 64 of the Complaint with such record. Defendants affirmatively state the proceedings in the referenced litigation are irrelevant and immaterial to Plaintiffs' claims against Defendants.  Defendants deny the remaining allegations in paragraph 64 of the Complaint.

65. Defendants contend the proceedings in *Craig v. CoreCivic, Inc.*, 2024 WL 1117045, at *10 (E.D. Okla. Mar. 14, 2024). in their entirety, speak for themselves and deny any inconsistencies contained in paragraph 65 of the Complaint with such record. Defendants affirmatively state the proceedings in the referenced litigation are irrelevant

and immaterial to Plaintiffs' claims against Defendants.  Defendants deny the remaining allegations in paragraph 65 of the Complaint.

66. Defendants contend the proceedings in *Michael Schneider v. CoreCivic of Tennessee, LLC, 23-cv-02261*, in their entirety, speak for themselves and deny any inconsistencies contained in paragraph 66 of Plaintiffs' Complaint with such record. Defendants affirmatively state the proceedings in the referenced litigation are irrelevant and immaterial to Plaintiffs' claims against Defendants.  Defendants deny the remaining allegations in paragraph 66 of the Complaint.

**FIRST CLAIM FOR RELIEF**
(Deliberate Indifference—Defendants Riley, Hansen, Ortiz, Palomino, Goodrich, John or Jane Doe Officers 1-2 by Plaintiff Estate of Milton Townsend)

67. Defendants incorporate herein by reference all of their responses to the allegations contained in paragraphs 1 through 66 above as the response to the allegations contained in paragraph 67 of the Complaint as if set forth fully herein.

68. Defendants admit the individual named Defendants were acting under the color of law and within the scope of their employment while working at CCCF.  Defendants deny the remaining allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint, including all the allegations in subparagraphs (a) and (b)

70. Defendants deny the allegations in paragraph 70 of the Complaint, including all the allegations in subparagraphs (a) through (c).

71. Defendants deny all the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny all the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny all the allegations contained in paragraph 73 of the Complaint.

## SECOND CLAIM FOR RELIEF
(Municipal Liability—Defendant CoreCivic by Plaintiff Estate of Milton Townsend)

74. Defendants incorporate herein by reference all of their responses to the allegations contained in paragraphs 1 through 73 above as the response to the allegations contained in paragraph 74 of the Complaint as if set forth fully herein.

75. Defendants deny all the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny all the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny all the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny all the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny all the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny all the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

### THIRD CLAIM FOR RELIEF
(Wrongful Death—All Defendants by Plaintiff Nichol Townsend)

82. Defendants incorporate herein by reference all of their responses to the allegations contained in paragraphs 1 through 81 above as the response to the allegations contained in paragraph 82 of the Complaint as if set forth fully herein.

83. Defendants deny all the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny all the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny all the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny all the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny all the allegations contained in paragraph 87 of the Complaint, including all the allegations contained in subparagraphs (a) through (c).

88. Defendants deny all the allegations contained in paragraph 88 of the Complaint.

### PRAYER FOR RELIEF

Defendants deny Plaintiffs are entitled to any of the relief requested in Plaintiff's Complaint and deny all the allegations under the heading "Prayer for Relief" on page 19 of Plaintiff's Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim as to which any relief may be granted against Defendants.

2. All or part of Plaintiffs' claims do not rise to the level of constitutional violations sufficient to state a claim upon which relief may be granted against the Defendants pursuant to 42 U.S.C. § 1983.

3. Plaintiffs' claims for punitive or exemplary damages against Defendants are barred, reduced, or in the alternative, unconstitutional and would violate Defendants' rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

4. The injuries and damages sustained by Plaintiffs, in whole or in part, were proximately caused by the acts or omissions of Milton Townsend and/or the acts or omissions of third parties over whom Defendants had no control or right of control.

5. At all times pertinent herein, Defendants acted in accordance with all contractual, common law, statutory, regulatory, policy, and constitutional obligations and without any intent to discriminate, retaliate, or cause Plaintiffs any harm.

6. Plaintiffs are not entitled to the relief sought in the Complaint under any of the theories asserted.

7. Defendants may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution.

8. Defendants' actions were taken for legitimate penological reasons and in the good faith belief, Defendants acted in compliance with all applicable laws, regulations, and policies.

9. No customs, policies, and practices of Defendant CoreCivic were the moving force behind any of Plaintiffs' alleged constitutional violations nor did any customs, policies, and policies violate any of those rights.

11. Plaintiffs will not be able to satisfy the standards for punitive damages with respect to any claim against Defendants.

12. Defendants never breached any duty owed Milton Townsend at any time in the course of his incarceration.

13. Plaintiffs' injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Defendants, nor were they proximately caused by or related to any act or omission of Defendants.

14. Plaintiff's claims for damages under Colorado law, if any, are subject to all of the statutory limitations and offsets under applicable Colorado law.

15. Defendants' conduct was, at all times, lawful, justified, and privileged and any actions complained of by Plaintiffs in relation to Defendants were justified by penological reasons.

16.     Defendants specifically reserve the right to amend their Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses, which have become non-applicable upon completion of additional discovery.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendants CoreCivic, Inc., Officer Riley, Unit Manager Hansen, Case Manager Ortiz, Officer Palaminio, and Warden Barry Goodrich respectfully request an order of the Court dismissing the Plaintiffs' Complaint and Jury Demand in its entirety with prejudice, granting their attorney's fees and costs as allowed by law and such other and further relief as the Court deems just and proper.

Dated this 21st day of October, 2024.

Respectfully submitted,

*s/ Andrew D. Ringel*
Andrew D. Ringel, Esq.
Shannon Hurley, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
Tel:  (303) 628-3300
Fax:  (303) 628-3368
Email:  ringela@hallevans.com

**ATTORNEY FOR DEFENDANTS CORECIVIC, INC., OFFICER RILEY, UNIT MANAGER HANSEN, OFFICER PALAMINO, CASE MANAGER ORTIZ, AND WARDEN BARRY GOODRICH**

**CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on this 21st day of October, 2024, a true and correct copy of the foregoing was filed by CM/ECF and was served on the following parties as specified:

Cheryl L. Trine, Esq.
ctrine@trinelaw.net

                             *s/ Erica Cameron*
                             Erica Cameron, Legal Assistant
                             Hall & Evans, L.L.C.